**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-34781 |
| 3RC MECHANICAL & CONTRACTING SERVICES, LLC, | ) ) | Hon. Jack B. Schmetterer |
| Debtor. | ) ) | |
| | ) | **Hearing Date: November 1, 2011** |
| | ) | **Hearing Time: 10:00 A.M.** |

**NOTICE OF FIRST INTERIM APPLICATION OF JEFFREY C. BLUMENTHAL
CHARTERED FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FEBRUARY 9, 2011 THROUGH SEPTEMBER 30, 2011**

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on Tuesday, November 1, 2011 at 10:00 A.M., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer, or any judge sitting in his stead, in Courtroom 682, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First Interim Application of Jeffrey C. Blumenthal Chartered for Allowance of Administrative Claim For Compensation and Reimbursement of Expenses for the Period February 9, 2011 Through September 30, 2011**, at which time and place you may appear as you see fit.

Dated: October 11, 2011                **JEFFREY C. BLUMENTHAL CHARTERED**

                                       By:   */s/ Elizabeth Peterson*
                                          One of its Attorneys

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201
*General Bankruptcy Counsel to N. Neville Reid, the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I, Elizabeth Peterson, certify that on October 11, 2011, I caused a copy of the foregoing **First Interim Application of Jeffrey C. Blumenthal Chartered for Allowance of Administrative Claim For Compensation and Reimbursement of Expenses for the Period February 9, 2011 Through September 30, 2011** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail, as indicated.

*/s/ Elizabeth Peterson*
Elizabeth Peterson

## SERVICE LIST

**PARTIES TO RECEIVE NOTICE BY POSTAGE PREPAID FIRST-CLASS U.S. MAIL:**

3RC Mechanical &
Contracting Services, LLC.
c/o Frank Cassano
21128 Eugene Siegal Ct.
Joliet, IL 60435

U.S. Trustee Patrick S. Layng
Office of the U.S. Trustee
Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Jeffrey C. Blumenthal, Esq.
Jeffrey C. Blumenthal Chartered
2970 Maria Avenue, Suite 223
Northbrook, Illinois 60062

H-F Credit Union
18130 Pulaski Rd
Country Club Hills, IL
60478

Harris Bank (f/k/a Amcore
Bank)
c/o Edw. Thompson
1620 N. Milwaukee Av.
Vernon Hills, IL 60061

Industry Advancement
Fund, Local 597
c/o Johnson & Krol, LLC
300 S. Wacker Dr., Suite 1313
Chicago, IL 60606

Pipe Fitters' Association,
Local 597 U.A.
c/o Johnson & Krol, LLC
300 S. Wacker Dr., Suite 1313
Chicago, IL 60606

Pipe Fitting Council of
Greater Chicago
c/o Johnson & Krol, LLC
300 S. Wacker Dr., Suite 1313
Chicago, IL 60606

Pipe Fitters' Individual
Account and 401(k) Plan
c/o Johnson & Krol, LLC
300 S. Wacker Dr., Suite 1313
Chicago, IL 60606

Pipe Fitters Retirement
Fund, Local 597
c/o Johnson & Krol, LLC
300 S. Wacker Dr., Suite 1313
Chicago, IL 60606

Pipe Fitters Welfare Fund,
Local 597
c/o Johnson & Krol, LLC
300 S. Wacker Dr., Suite 1313
Chicago, IL 60606

Pipe Fitters Welfare Fund
Local 597
45 N. Ogden Av.
Chicago, IL 60607

**PARTIES TO RECEIVE NOTICE ELECTRONICALLY THROUGH CM/ECF:**

William P Callihan on behalf of Creditor Chicago Area Mechanical Contracting Industry
Improvement Trust
william@johnsonkrol.com

James G Froberg on behalf of Creditor Harris Bank fka Amcore Bank
jgfroberg@lowis-gellen.com, tpeckham@lowis-gellen.com

Kent A Gaertner on behalf of Debtor 3RC Mechanical & Contracting Services, LLC.
kgaertner@springerbrown.com, kgaertner@springerbrown.com;marigonzo@springerbrown.com

Mark B Grzymala on behalf of Creditor Marco Supply Company Inc. d/b/a Johnson Pipe and
Supply Corp.
mgrzymala@rolaw.net, grzymala@gmail.com

Jeffrey A Krol on behalf of Creditor Chicago Area Mechanical Contracting Industry
Improvement Trust
jeffkrol@johnsonkrol.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Joseph E Mallon on behalf of Creditor Chicago Area Mechanical Contracting Industry Improvement Trust
mallon@johnsonkrol.com, gonzalez@johnsonkrol.com

Rebecca K McMahon on behalf of Creditor Central States, Southeast and Southwest Areas Health and Welfare Fund
rmcmahon@centralstatesfunds.org

Kerry S Trunkett on behalf of Creditor H-F Credit Union
kerry@trunkettlawpc.com, mkeenan@trunkettlawpc.com;kklonowski@trunkettlawpc.com

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 10-34781 |
| 3RC MECHANICAL & CONTRACTING ) | |
| SERVICES, LLC, ) | Hon. Jack B. Schmetterer |
| Debtor. ) | |
| ) | **Hearing Date: November 1, 2011** |
| ) | **Hearing Time: 10:00 A.M.** |

**FIRST INTERIM APPLICATION OF JEFFREY C. BLUMENTHAL CHARTERED
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FEBRUARY 9, 2011
THROUGH SEPTEMBER 30, 2011**

Jeffrey C. Blumenthal Chartered ("Blumenthal"), special counsel to N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of 3RC Mechanical & Contracting Services, LLC (the "Debtor"), by and through the Trustee's undersigned general bankruptcy counsel, files this first interim application ("Application") for allowance and payment of an administrative claim in the amount of $39,664.50, consisting of $38,993.00 in fees and $651.50 in expenses, for the period of February 9, 2011 through September 30, 2011. In support of this Application, Blumenthal states the following:

**INTRODUCTION**

1.   This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States

Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On August 3, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as chapter 7 trustee of the Estate.

4.      On March 10, 2011, the Bankruptcy Court entered a final order granting the Trustee's application to retain Blumenthal as his special counsel retroactive to February 9, 2011 (the "Blumenthal Employment Order"). [Dkt. 69.] The Blumenthal Employment Order authorized the Trustee to retain Blumenthal to represent him and the Estate with respect to the Complaint to Enforce Lien on Public Funds and Claim Against Contractor's Bond filed by Marco Supply Company, Inc. d/b/a Johnson Pipe and Supply Corp. ("Johnson Pipe") against the Debtor under docket number 11 CH 03730 in the Circuit Court of Cook County (the "CPS Case") and to possibly file a Counterclaim against Johnson Pipe in CPS Case.

5.      On April 26, 2011, the Bankruptcy Court entered a final order modifying the Blumenthal Employment Order to allow Blumenthal to represent the Trustee and the Estate in all mechanics' lien cases in which the Debtor is named as a party and in which Blumenthal has no conflicts of interest (collectively, the "Mechanics' Lien Cases"). [Dkt. 82.]

6.      The Mechanics' Lien Cases include the following:

    A.      the CPS Case;

    B.      *Marco Supply Company Inc. d/b/a Johnson Pipe and Supply Corp. v. IMTT-Illinois, f/k/a IMTT-Lemont, 3RC Mechanical and Contracting Services, LLC, et al.,* Case No. 11 CH 05100 (Circuit Court of Cook County, Illinois) (the "IMTT Case"); and

2

      C.    *Marco Supply Company Inc. d/b/a Johnson Pipe and Supply Corp. v. Ivex Real Estate Holdings* ("IVEX")*, 3RC Mechanical and Contracting Services, et al.*, Case No. 11 CH 1016 (Circuit Court of Will County, Illinois) (the "IVEX Case").

## STATUS OF MECHANICS' LIEN CASES

7. On May 24, 2011, with Motions to Dismiss filed by Defendant, Indigo Construction Services, Inc., and Blumenthal on behalf of the Trustee pending, Johnson Pipe voluntarily dismissed the CPS case. Johnson Pipe had sought $18,152.88 plus statutorily provided interest and attorneys' fees. While the Dismissal Order does not specify the reasons for the dismissal of the Complaint, apparently Johnson Pipe recognized that it could not comply with the statutory requirements to enforce a lien against public funds or collect on the Contractor's bond. Accordingly, the CPS case is now over.

8. In the IMTT Case, with a Motion to Dismiss filed by Blumenthal on behalf of the Trustee pending, the Court entered an Order dismissing with prejudice Johnson Pipe's Complaint (which included a $16,387.77 claim, plus statutorily provided interest and attorney's fees) on June 22, 2011. At the request of counsel for the Trustee, the Circuit Court expressly provided that the Order "resolves all claims and controversies." Accordingly, the IMTT case is now over.

9. In the IVEX Case, the Trustee's Section 2-619 Motion to Dismiss Johnson Pipe's Action to Foreclose on its Mechanics' Lien Claim on the basis of prior payment is currently pending before the Chancery Court for the Twelfth Judicial Circuit, Will County. The hearing on this motion has been continued to September 23, 2011, while the parties attempt to settle their dispute. Through counsel, the Trustee and the attorneys for Johnson Pipe (and to a minimal extent, counsel for IVEX) have been engaged in settlement discussions.

10. In an effort to save monies for the Estate, instead of filing a claim against IVEX,

3

Blumenthal secured a sworn statement from IVEX's counsel conceding that IVEX owes and is holding $32,130.22 in connection with the work performed for IVEX, pending ruling of either the Will County Circuit Court or the Bankruptcy Court as to how those funds should be disbursed. Blumenthal has prepared additional draft pleadings in connection with the Motion to Dismiss, which have not been filed, pending the possibility that a settlement may be reached between Johnson Pipe and the Trustee approval of those pleadings by the Trustee. Blumenthal received production of documents from the Custodian of Records of Climatemp, pursuant to the Records Only Subpoena served on counsel for said custodian and Blumenthal's document review of the Climatemp documents. Documents have also been requested from Johnson Pipe pursuant to the Production Request served on Johnson Pipe on June 22, 2011. Johnson Pipe's counsel has filed a Motion to Extend the Time to Respond to Discovery pending the possible settlement, and if no settlement can be reached, pending resolution of the Motion to Dismiss filed by the Trustee. The Will County Court has entered and continued Johnson Pipe's Motion pending further order of the Bankruptcy Court.

11.  Blumenthal is working with counsel for Johnson Pipe, IVEX, and Trustee to finalize a settlement agreement to resolve the IVEX Case whereby the IVEX Case will be dismissed and the Estate will receive approximately $12,000.00. If this settlement agreement is executed by Johnson Pipe, IVEX, and the Trustee, the Trustee will file a Motion for Approval of the Settlement Among the Trustee, Johnson Pipe, and IVEX Pursuant to Bankruptcy Rule 9019(a) (the "Settlement Motion").

## REQUESTED RELIEF

12.  Blumenthal files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee from February 9, 2011

4

through September 30, 2011 (the "Application Period"), and seeks entry of an order allowing the Trustee to pay the same.

13. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each attorney, his hourly billing rate, the year each attorney graduated from law school, and the year each attorney was admitted to practice in Illinois.

14. Attached as Exhibit B to this Application are the detailed billing records of Blumenthal.

15. Attached as Exhibit C to this Application is a summary out-of-pocket expenses incurred by Blumenthal.

## PROFESSIONAL SERVICES RENDERED

16. During the Application Period, Blumenthal performed the following services on behalf of the Trustee:

   A. Generally:

   1. Assisted the Trustee's general bankruptcy counsel with the preparation of the Trustee's Application to Employ Jeffrey C. Blumenthal Chartered as Special Bankruptcy Counsel Retroactive to February 9, 2011 [Dkt. 68], the Trustee's Motion to Amend Order Granting the Trustee's Application to Employ Jeffrey C. Blumenthal Chartered as Special Counsel [Dkt. 81], and this Application;

   2. Conferred with the Trustee's general bankruptcy counsel and accounting consultants and reviewed the pleadings and files from the Mechanics' Lien Cases to gain an understanding of what is believed to be a fraudulent scheme surrounding Johnson Pipe's billing for supplies sold to the Debtor, whereby Johnson Pipe invoices for supplies tendered in connection with certain jobs – including the projects that formed the bases for the IMTT Case and the IVEX Case – were paid with funds emanating from another project involving the construction of the new Kelly-Curry Gage Park High School in Chicago, Illinois (the "Climatemp Project");

   3. Monitored the status of and reviewed pleadings filed in each of the

5

       Mechanics' Lien Cases, apprised the Trustee of developments in each of the Mechanics' Lien Cases, and conferred with the Trustee about strategy for each of the Mechanics' Lien Cases;

4. Reviewed and analyzed invoices, payments, and related records to determine what documents were needed and/or available to support motions to dismiss on the basis that the invoices underlying mechanics lien claims in the IVEX Case and in the IMTT Case were previously paid;

5. Researched legal issues arising in each of the Mechanics' Lien Cases; and

6. Met with the Trustee's accounting consultants on multiple occasions to assess the various claims and determine the best course of action and in preparation of the Motions to Dismiss that were filed in each of the three Mechanics' Lien Cases.

B.    Work Performed on the CPS Case:

1. Analyzed the requirements for an action on a public lien, and determined that Johnson Pipe could not meet such requirements;

2. Prepared, filed, and presented the Trustee's Motion to Dismiss or, in the Alternative a Motion to Stay as well as a second Motion to Dismiss, which joined in the Motion to Dismiss filed by another defendant; and

3. Appeared in court in Cook County three times before the CPS Case was dismissed.

C.    Work Performed on the IMTT Case:

1. Reviewed billing and payment records, and determined which of the invoices were "paid" with funds from the Climatemp Project, then attempted to document that payment was made on the invoices;

2. Prepared, filed, and presented the Trustee's Section 2-619 Motion to Dismiss on the basis that Johnson Pipe was already paid on the invoices underlying the purported mechanics' lien claim; and

3. Appeared in court three times before the IMTT Case was dismissed with prejudice.

D.    Work Performed on the IVEX Case:

1. Reviewed billing and payment records, and determined which of the invoices were "paid" with funds from the Climatemp Project, then attempted to document that payment was made on the invoices;

6

2. Prepared and served discovery, including a production request and a records only subpoena on Climatemp;

3. Prepared, filed, and presented the Trustee's pending Section 2-619 Motion to Dismiss the Mechanics' Lien Case filed by Johnson Pipe on the basis that Johnson Pipe has already been paid on the invoices underlying the purported mechanics' lien claim;

4. Appeared at multiple hearings in the Will County Circuit Court;

5. Drafted a possible reply brief and related pleadings in connection with the Motion to Dismiss and certain supporting pleadings;

6. Secured a sworn statement from counsel for IVEX regarding the amount IVEX is holding and prepared to pay on the claims made against it pursuant to either Order of this Court or the Will County Court, instead of expending more monies filing a complaint against IVEX;

7. Reviewed settlement proposals and participated in settlement discussions with the attorney for IVEX, who has indicated that he is holding monies (believed to be in the approximate amount of $32,130.22), which he is prepared to pay to either the Estate and/or Johnson Pipe depending on the Will County Circuit Court's disposition of the IVEX Case; and

8. Drafted the settlement agreement among the Trustee, Johnson Pipe, and IVEX, which will serve as the basis for the Settlement Motion, and facilitated negotiations with counsel for IVEX and Johnson Pipe regarding the same.

## APPROPRIATENESS OF FEES

17.     The total amount of fees sought by Blumenthal for professional services in this Application is $38,993.00.

18.     The professional services provided by Blumenthal to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by Blumenthal is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. Blumenthal undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

7

19. Blumenthal's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. Blumenthal has reviewed the billing records to ensure their accuracy.

20. Blumenthal's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

21. Blumenthal voluntarily reduced its fees by $4,668.00 as a professional courtesy to the Trustee. This amount has been excluded from the fees requested in this Application.

22. Blumenthal's requested fees and expenses are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

## BLUMENTHAL EXPENSE POLICIES

23. Blumenthal charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees.

24. The expenses sought by Blumenthal in this Application relate to state court appearance fees, parking and transportation for court appearances, photocopying, and a witness and mileage fee for a Records Only Deposition Subpoena. The total amount of out-of-pocket expenses for which Blumenthal seeks reimbursement is $651.50. These expenses were necessary and benefited the Estate.

## ADDITIONAL FEES AND EXPENSES

25. Blumenthal has undertaken all reasonable efforts to ensure that all attorneys' fees and costs for the period of February 9, 2011 through September 30, 2011 are included in this Application. However, it is possible that some fees and expenses may not be included in this

8

Application. Blumenthal reserves the right to submit further applications for fees and expenses for the period of February 9, 2011 through September 30, 2011, if necessary.

## SUMMARY OF FEES AND EXPENSES

26.     Blumenthal applies for an administrative claim in the amount of $39,664.50 consisting of $38,993.00 in fees and $651.50 in expenses.

## NOTICE

27.     Pursuant to Bankruptcy Rule 2002(a) and the Order of this Court Limiting Notice [Dkt. 75], twenty-one days' notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) Blumenthal; (e) all secured creditors; (f) all parties set up to receive notice through the Court's ECF filing system; and (g) all parties who have formally requested notice of pleadings herein. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WHEREFORE, Blumenthal requests entry of an order allowing it an administrative claim in the amount of $39,664.50 and allowing the Trustee to pay the same.

Dated: October 11, 2011          Respectfully submitted,

**JEFFREY C. BLUMENTHAL CHARTERED**

By: */s/ Elizabeth Peterson*
      One of its Attorneys

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201
*General Bankruptcy Counsel to N. Neville Reid, the Chapter 7 Trustee*